### RICO ASPEN CONSOLIDATED MIN. CO. et al. v. ENTERPRISE MIN. CO.

(Circuit Court, D. Colorado. May 18, 1893.)

#### No. 2,878.

1. TRESPASS—COMPLAINT—DESCRIPTION OF PREMISES—MINING CLAIMS.
   In trespass for entering on land belonging to plaintiff, and carrying away and converting his ore, the description of the premises in the complaint as a mining claim of certain dimensions, with a reference to the location certificate and the patent for metes and bounds, is sufficient.

2. SAME.
   The means by which the trespass was accomplished are sufficiently set forth when the complaint alleges that it was "by means of certain drifts, levels, and other workings run by said defendant."

3. SAME—MOTION TO MAKE MORE DEFINITE.
   But where it merely alleges that these workings were made "from the J. L. mining claim, adjoining the said claim" of plaintiff, and that they "entered into, underneath, upon, and across the said claim" of plaintiff, the court will grant a motion, under Code Colo. § 60, to make the complaint more definite and certain as to the points at which the defendant entered plaintiff's domain, and the extent to which it invaded it.

At Law. On motion to compel plaintiffs, the Rico-Aspen Consolidated Mining Company and others, to amend their complaint in an action of trespass against the Enterprise Mining Company. Motion granted.

C. J. Hughes, R. S. Morrison, and C. S. Thomas, for plaintiffs.
Chas. H. Toll and Adair Wilson, for defendant.

THOMAS, District Judge. Motion by defendant to require plaintiffs to amend their complaint:

"First. To make their complaint more specific and certain, in this, to wit: That the plaintiffs be required to so amend their complaint as to set out

specifically, and with certainty, a description of the premises upon which the plaintiffs claimed that the defendant trespassed, and remove therefrom all of the valuable ores contained therein.

"Second. To make their complaint more specific and certain in this, to wit, that the plaintiffs be required to amend their complaint so as to show more specifically, and with more certainty, the particular point or points at which the defendant entered upon or into the territory of plaintiffs, as alleged, and also the specific manner or means by which the defendant made said entrance, and also the extent to which the defendant ran drifts or levels or other workings upon the said territory of plaintiffs, as is alleged."

The motion is based upon that part of the sixtieth section of the Code of Colorado, which reads as follows:

"When any pleading is too general in its terms to be readily understood, the court may, on motion, require the same to be made more specific and certain, or may require the bill of particulars to be filed therewith."

The action is brought to recover the sum of $125,000 damages for alleged trespass in entering upon the lands and property of the plaintiffs, and taking out, carrying away, and converting a large amount of ore belonging to the plaintiffs. The allegations of the complaint, so far as necessary to a proper understanding of this motion, are as follows:

"Fourth. That the plaintiffs are, and at all times hereinafter were, the owners in fee, and in possession, and entitled to the possession, of all those premises known and described as the 'Vestal Lode Mining Claim,' situate in Pioneer mining district, county of Dolores, and state of Colorado; said lode mining claim being 1,500 feet in length and 300 feet in width, and more particularly described by metes and bounds in the location certificate and patent thereof and therefor.

"Fifth. That while the said parties plaintiff were in possession and enjoyment of the said premises, and of all the valuable ores contained therein, the defendant, by its agents, employes, managers, and workmen, did, on, to wit, the 1st day of August, 1892, by means of certain drifts, levels, and other workings run by said defendant and its said agents and employes from the Jumbo lode mining claim, adjoining the said Vestal, secretly, clandestinely, fraudulently, and unlawfully, and without the knowledge or consent of the plaintiffs, enter into, underneath, upon, and across the said Vestal lode mining claim, and into the boundaries thereof, and did take, extract, dig, mine, remove, sell, and convert to their own use, the valuable ores of the plaintiffs in said Vestal lode mining claim, for a long period of time thereafter, to wit, until on or about the 15th day of September thereafter, and until restrained by the process of this honorable court."

The fourth paragraph of the complaint above quoted sets forth with sufficient certainty the description of the premises claimed by the plaintiffs, by reference to the location certificate and the patent. By reference to, and an examination of, said certificate and the patent, as recorded, the defendant can readily and easily obtain a full and correct description, by metes and bounds, of the plaintiffs' claim. That part of the motion designated as the first ground is therefore denied.

As to the other part of the motion, designated as the second ground, other considerations apply. While it is true that ordinarily, in a case of trespass quare clausum fregit, the plaintiff is not required to do more than to describe the close, allege the title, the unlawful entry and damage, yet, in the class of cases

now under consideration, where it is apparent that two parties are engaged in developing adjacent mining claims, and that the title to the territory upon which the alleged trespass was committed is in dispute, the rule of pleading above stated does not, in all cases, sufficiently advise the opposite party of the specific contention of the plaintiff as to the nature and extent of his claim. For that reason the legislature has provided, in section 60 of the Code, that the court may, in its discretion, require the pleading to be made more specific and certain, when it is too general in its terms to be readily understood. It is a wholesome and proper rule, to be applied in all cases where it is reasonably apparent, from the face of the pleading, and the facts and circumstances called to the attention of the court, that a more specific statement is required to enable the defendant or opposite party to fully understand and comprehend the alleged claim, and be prepared to answer and defend. I have said that the allegations of the complaint, with the references, are sufficient to enable the defendant to readily and easily ascertain the description of the plaintiffs' claim by metes and bounds. I am also of the opinion that the means employed by the defendant, and the manner in which said entrance was made, are sufficiently set forth in the complaint, but that the point or points at which defendant is alleged to have invaded the plaintiffs' territory, and the extent to which defendant ran its drifts after it invaded the plaintiffs' claim, are not sufficiently designated in the complaint, so as to sufficiently advise the defendant in respect thereto.

It is therefore ordered that plaintiffs amend their complaint within 10 days from this date, or within such further time as may be allowed, so as to definitely specify—First, the point or points at which the defendant invaded the plaintiffs' territory; second, the extent to which defendant ran its drifts after it invaded the plaintiffs' domain.